RONALD BATTS, )
) No. 1:10-cv-243/1:09-cr-98
)
v. ) *Judge Mattice*
)
UNITED STATES OF AMERICA, )
)

# MEMORANDUM

This matter comes before the Court on the motion of *pro se* federal prisoner Ronald Batts ("Batts") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Doc. 559)[1] and his two motions to amend his § 2255 motion (Criminal Docs. 611, 682). Pursuant to the Court's Orders, the United States filed two responses, one opposing Batts § 2255 motion, and one opposing his two motions to amend his § 2255 motion (Criminal Docs. 595, 685).

The motions, together with the files and record in this case, conclusively show Batts is entitled to no relief under 28 U.S.C. § 2255. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993), Batts' § 2255 motion will be **DENIED** for lack of merit (Criminal Doc. 559), and both of his motions to amend will be **DENIED** as untimely (Criminal Docs. 611 & 682).

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

## I. BATTS' ALLEGATION

Batts is one of nineteen defendants charged in a sixty-five-count indictment (Criminal Doc. 3). After his guilty plea, he was sentenced to 180 months of imprisonment which consists of 120 months on Count One (conspiracy to distribute cocaine base) and a consecutive 60 month sentence on Count Thirty-One (§ 924(c) gun charge) (Criminal Doc. 362, Judgment). In his § 2255 motion, Batts alleges, although somewhat confusingly, defense counsel was ineffective for failing to challenge the imposition of the five-year mandatory minimum consecutive sentence on his Title 18 U.S.C. § 924(c) conviction (Count Thirty-One) on the ground he was already subjected to a ten year mandatory minimum sentence on Count One under Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) for conspiring to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack").

As the Court understands Batts assertions, he is basing his challenge on the language in 18 U.S.C. § 924(c)(1)(A), which provides that "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -(i) be sentenced to a term of imprisonment of not less than 5 years[.]" 18 U.S.C. § 924(c)(1)(A)(i). According to Batts, this section excludes his five year minimum

2

mandatory consecutive sentence because he was sentenced to the greater mandatory minimum ten year sentence under Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Therefore, Batts argues the five year mandatory minimum was not a mandatory consecutive sentence since the underlying crime required a higher statutory minimum, and counsel was ineffective for failing to make such an argument.

The Government responds that the Supreme Court rejected Batts' interpretation of 18 U.S.C. § 924(c) in *Abbott v. United States,* 131 S.Ct. 18, 23 (2010), and no relief is warranted. In addition, the Government objects to Batts' motions to amend and responds that they should be denied as untimely, and alternatively argues the claims contained in those two pleadings lack merit (Criminal Doc. 685).

## II. MOTIONS TO AMEND

More than seven months after filing his § 2255 motion, Batts filed a motion to amend his § 2255 motion with a new claim of ineffective assistance of counsel (Criminal Doc. 611) and subsequently filed a motion to supplement his tardy motion to amend, which the Court will refer to as his second motion to amend (Criminal Doc. 682). Turning to Batts' initial motion to amend his § 2255 motion, the Court notes that Batts does not address the timeliness of his motion (Criminal Doc. 611). Rather, Batts claims counsel was ineffective in advising him to plead guilty to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) because, according to Batts, there is no evidence suggesting any officer or confidential informant observed him with a firearm during the drug transactions and there is no evidence of drug transactions in the same general area where the firearms were located (Criminal Doc. 611).

3

In his second motion to amend, he supplements the claim in his initial motion to amend with claims that he advised counsel he was concerned about pleading guilty to the § 924(c) charge, there was no drug transaction attributed to the address where the firearm was found, and no drug transaction was committed on the date the search warrant was executed (Criminal Doc. 682).

Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides for the application of the Federal Rules of Civil Procedure when the Court deems it appropriate to dispose of motions filed under these rules. Initially, the Court notes the amendment, which is subject to the one year statute of limitations period applicable to a motion filed pursuant to 28 U.S.C. 2255, is untimely as it was filed beyond the one year statute of limitations. *See* Title 28 U.S.C. § 2255(f)(1)(The limitation period runs from "the date on which the judgment of conviction becomes final"). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004).

Batts did not pursue a direct appeal. Batts' judgment of conviction was entered and docketed on January 19, 2010 (Criminal Doc. 362, Judgment). Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a notice of appeal has to be filed within fourteen (14) days after entry of the judgment from which a party wishes to appeal. Rule 26(a)(1)(B) of the Federal Rules of Appellate Procedure directs that all days be counted in calculating a period of days, including holidays and weekends, unless the last day of the period falls on a holiday or weekend. Therefore, under these rules, Batts had until February 2, 2010, to file a notice of appeal. Thus, the one-year statute of

4

limitations began to run on February 3, 2010, the day after the expiration of the time for filing a notice of appeal.

Accordingly, Batts had one year to file a § 2255 motion and any amendments i.e., no later than February 2, 2011. Under the "prison mailroom filing" rule of *Houston v. Lack,* 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. Batts' motion to amend, was filed on March 8, 2011, according to the prison mailroom stamp on the envelope in which the § 2255 motion to amend was mailed to the court (Criminal Doc. 611-1).[2] Therefore, the amendment is untimely, as it was filed more than one month after the expiration of the one year statute of limitations. The motion to supplement the tardy amendment, which was post-marked September 10, 2012, does not appear to have been mailed through the prison mail, as there is no stamp on it. Nevertheless, it is also untimely (Criminal Doc. 682).

When a proposed claim in an amendment is barred by the statute of limitations, Federal Rule of Civil Procedure 15(c) provides for the relation back of amendments to the original pleading under certain limited circumstances. If the amendment is filed more than one year after the conviction became final, then the claim in the amendment will generally be time-barred unless the amended claim meets the "relation back" criteria of Federal Rule of Civil Procedure 15(c). Specifically, in pertinent part, relation back is permitted when "the amendment asserts a claim or defense that arose out of the

---

[2] Although the Clerk did not include a copy of the back side of the envelope on the Court's CM/ECF docket, the Court's hard-copy file includes the complete envelope with the prison mailroom stamp and date of "3-8-2011" (Criminal Doc. 611).

conduct, transaction, or occurrence set out ... in the original pleading [.]" Fed.R.Civ.P.15(c)(1)(B).

In *Mayle v. Felix*, 545 U.S. 644 (2005) the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" when determining whether an amended habeas petition relates back to the original petition. The Supreme Court held that an amended petition does not relate back under Federal Rule of Civil Procedure 15(c) and thereby avoid the statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.'" *Id.* at 658 (citations omitted). Although the petition in *Mayle* involved a challenge to a state conviction under 28 U.S.C. § 2254, the Court finds the analysis also applies to post-conviction motions challenging federal convictions under 28 U.S.C. § 2255. *See Steverson v. Summers,* 258 F.3d 520, 523 n. 4 (6th Cir.2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254 ...").

Thus, if an "amendment [is] offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim," the amendment relates back to the date of the original petition. *United States v. Hicks*, 283 F.3d 380, 388 (D.C.Cir.2002) (applying Fed.R.Civ.P. 15(c) to motion to amend § 2255 motion). However, if a movant seeks to "introduce a new legal theory based on facts different from those underlying the timely claims," the amendment should not relate back and should therefore be time barred. *Id.*

As explained below, although both of Batts' motions to amend raise claims of ineffective assistance of counsel in relation to his § 924(c) conviction, the theories of ineffective assistance raised in the two motions are different theories of ineffective assistance and are based on facts different from those underlying the timely ineffective assistance of counsel claim that counsel failed to file a motion and argue "the 'except' clause of the firearm statute exempts a criminal defendant from the mandatory minimum, if the defendant is subject to another, greater mandatory minimum sentence." (Criminal Doc. 559). The claims Batts raises in the amendments include new and different theories of ineffective assistance which do not relate back.

Specifically, Batts original claim that counsel was ineffective for failing to file a motion and argue the "except" clause of the firearm statute (to which he pleaded), prohibited the Court from sentencing him to a mandatory minimum five-year sentence because he was sentenced to a greater mandatory minimum on the underlying drug count, is completely different in legal theory and facts than his claim that counsel ineffectively advised him to plead guilty to § 924(c)−a crime which Batts argues he did not commit. Batts contends that counsel, instead, should have advised him to plead guilty to Count 30, a violation of § 922(g), which Batts "admits that he is guilty of." (Criminal Doc. 682). In other words, because counsel's advice to plead guilty to the § 924(c) charge−newly raised in Batts' motions to amend−is distinct, in both time and character from counsel's failure to argue the §924(c) mandatory minimum sentence was not applicable to Batts during his sentencing hearing−raised in Batts' original § 2255 motion−the former does not relate back to the original claim of ineffective assistance of counsel. Consequently, Batts is not entitled to supplement his § 2255 motion with the

7

new ineffective assistance of counsel claim, as it does not meet the "relation back" criteria in Rule 15(c) of the Federal Rules of Civil Procedure.

Although the one-year limitation period is subject to equitable tolling, *see Holland v. Florida,* 130 S.Ct. 2549 (2010), Batts does not argue, nor do his allegations indicate, grounds for equitable tolling. Thus, equitable tolling does not apply to his motion.

Accordingly, Batts' motions to amend his § 2255 motion will be **DENIED** as untimely (Criminal Docs. 611, 682).[3]

### III.  STANDARD OF REVIEW

A sentence in a criminal case must be vacated if the Court makes a finding "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,...."  28 U.S.C. § 2255.  Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine after a review of the answer and the record whether an evidentiary hearing is required.  If no hearing is required, the district judge is to dispose of the case as justice dictates.

A motion filed pursuant to 28 U.S.C. § 2255 must consist of something more than legal conclusions unsupported by factual allegations.  *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D. Tenn. 1996).  To warrant relief under 28 U.S.C. § 2255

---

[3]  Further, the Court notes that Batts' attack on any lack of evidence fails to meet his burden of proving his claims in this § 2255 proceeding by a preponderance of the evidence.  *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006).  Notably, Batts has not submitted any affidavits from any co-conspirators or any evidence demonstrating, by a preponderance of the evidence, that he did not possess a firearm in furtherance of the drug-trafficking conspiracy.

8

because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted); *Clemmons v. Sowders*, 34 F.3d 352 (6th Cir. 1994).

IV. **BACKGROUND**

   A. **Procedural Background**

In an indictment returned on May 27, 2009, Petitioner, along with eighteen codefendants, was charged with multiple crimes involving the distribution of cocaine base ("crack") (Criminal Doc. 3). On October 27, 2009, Petitioner pleaded guilty to counts One and Thirty-One of the indictment, charging him with conspiring to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and possession of a firearm in furtherance of the drug trafficking crime charged in Count One of the indictment in violation of 18 U.SC. § 924(c) (Criminal Doc. 277, Plea Hearing Minutes, Doc. 279, ¶ 1, Plea Agreement). At Batts' January 14, 2010, sentencing hearing the Court sentenced him to a term of imprisonment of 180 months (Court File No. 360, Sentencing Hearing Minutes). Batts did not file an appeal of his sentence.

   B. **Factual Background**

      1. *Defendant's Guilty Plea*

Following the indictment, Batts was arrested and made his first appearance before United States Magistrate Judge Susan K. Lee on August 20, 2009 (Criminal Doc. 196, Initial Appearance Minutes). Pursuant to the Criminal Justice Act, Magistrate Judge Lee appointed Attorney Steven G. Moore to represent Batts in his criminal case

9

(Criminal Doc. 188, Order Appointing Counsel). On October 27, 2009, Batts appeared again before Magistrate Judge William B. Carter and entered his guilty plea pursuant to a written plea agreement (Criminal Doc. 277, Minute Entry of Plea Proceedings). The plea agreement contained the following stipulated factual basis to support Batts' guilty plea:

> Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (AFT) and agents from outside the state of Tennessee began investigating a narcotics trafficking organization from the Eastern District of Tennessee involved in the distribution of cocaine base ("crack") and cocaine hydrochloride between 2005 and 2009. The defendant agrees that he knowingly, intentionally and voluntarily joined and participated in this conspiracy. The defendant entered into an agreement with others to distribute cocaine base. The defendant's role in the conspiracy was to obtain cocaine base ("crack") from his source of supply and then distribute that cocaine base ("crack") to other members of the conspiracy (who in turn would continue the distribution).
>
> On March 15, 2007, law enforcement agents utilized a confidential informant to make several controlled telephone calls to co-conspirator Linder to negotiate the purchase of one (1) ounce of crack cocaine. The calls were monitored and recorded. The informant then subsequently purchased 25 grams of crack cocaine (lab tested) from Linder. The defendant and co-conspirators Darius Johnson and Pamela Robinson were present during the purchase and "cooking" crack cocaine while the informant made the purchase.
>
> On April 23, 2007, law enforcement agents utilized a confidential informant to make a controlled telephone call to the defendant to negotiate the purchase of crack cocaine. The call was monitored and recorded. The informant then subsequently purchased 52.2 grams of crack cocaine (lab tested) from the defendant and co-conspirator Johnson.
>
> On June 19, 2007, law enforcement agents utilized a confidential informant to make a controlled telephone call to co-defendant Johnson to negotiate the purchase of crack cocaine. The call was monitored and recorded. The informant subsequently made a controlled, monitored, and recorded purchase of 77.2 grams of cocaine base ("crack") from the defendant and co-conspirator Johnson.
>
> On July 26, 2007, law enforcement agents utilized a confidential informant to make a controlled telephone call to co-conspirator Johnson to negotiate

the purchase of one (1) ounce of cocaine hydrochloride. The call was monitored and recorded. The informant then subsequently purchased 25 grams of cocaine hydrochloride from the defendant and co-conspirators Linder and Johnson.

On August 7, 2007, law enforcement agents performed a lawful traffic stop and search of a vehicle occupied by co-conspirators Johnson and Linder and recovered 169.7 grams (lab tested) of cocaine hydrochloride. Johnson and Linder were in possession of a cell phone which was registered under the defendant's name.

On February 6, 2008, a search warrant was executed by law enforcement agents at the co-conspirator Pamela Robinson's residence in Athens, Tennessee. The defendant was present and had been staying at the residence with Robinson's sister. Agents recovered a stolen handgun, a rifle, drug paraphernalia, and approximately $1,900 currency—which contained approximately $100 government funds ("marked" money) from a recent controlled purchase of crack by a CI from the [sic] Robinson. Robinson was advised of her rights, waived, and made a voluntary statement confessing to her involvement in a conspiracy with the defendant and others to sell crack cocaine. She indicated that she had been buying at least two (2) grams of crack per week for two to three years and reselling it and that she had recently been driving around with the defendant and her sister selling crack cocaine. The defendant provided a voluntary statement admitting possession of the rifle found in the bedroom where he had been staying. The stolen pistol was also recovered from the bedroom where the defendant had been staying.

According to interviews with the defendant, numerous witnesses, and other co-conspirators, the defendant was directly or indirectly responsible for the distribution of between 150 and 500 grams of cocaine base ("crack") during the course of the conspiracy.

Had this case proceeded to trial, the United States would have called expert witnesses who would have testified that more than 150 grams of crack cocaine is a distribution amount. In addition, agents would have testified that the circumstances surrounding the seizure of the firearms in this case, including the type; nature (stolen); location; presence of drugs for distribution, money, and distribution paraphernalia; and status of the defendant as a convicted felon are consistent with the possession of firearms in furtherance of the drug distribution activities of the defendant as contemplated and codified in *United States v. Mackey,* 265 F.3d 457 (6th Cir. 2001). Furthermore, as part of the plea agreement, the defendant agrees that he possessed the firearm in furtherance of [the] drug trafficking crime enumerate in Count One.

Some of the above-described events took place in the Eastern District of Tennessee.

(Criminal Doc. 279, Plea Agreement).

2. *Petitioner's Presentence Report*

Following the acceptance of his guilty plea, the Probation Office was ordered to prepare a Presentence Report ("PSR"). The PSR determined that the drug quantity attributable to Batts was at least 150 grams of cocaine base, which yielded a base offense level of 32 (PSR ¶ 20). Petitioner received a three-level reduction for acceptance of responsibility and this reduced his total offense level to 29 (PSR ¶¶ 26, 29). The PSR determined Petitioner had two qualifying prior convictions for which he received three points and one point respectively (PSR ¶¶ 35-36). Batts was on probation for an offense when he committed the present offense, thus two points were added (PSR ¶ 38). This resulted in a total of six criminal history points, for a criminal history category of III (PSR ¶ 39). Based on a total offense level of 29 and a criminal history category of III, Batts' advisory Guidelines range was 108-135 months However, with a mandatory minimum sentence of 120 months on Count One, plus a consecutive minimum mandatory sentence of 60 months on Count Thirty-One, the effective guideline range was 180 months (PSR ¶ 55). The Court sentenced Petitioner to 180 months' imprisonment (Court File No. 362).

**V. ANALYSIS**

In his § 2255 motion, Batts raises one claim of ineffective assistance of counsel faulting counsel for failing to argue his five year mandatory minimum sentence for the firearm violation was not a mandatory consecutive sentence since his underlying drug

12

crime required a higher statutory mandatory minimum. The Court will analyze the applicable law before addressing his claim.

   A.   **Applicable Law**

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish a claim of ineffective assistance, Batts must demonstrate two essential elements: (1) that counsel's performance was deficient, that is, below the standard of competence expected of attorneys in criminal cases; and (2) that counsel's deficient performance prejudiced the defense, i.e. deprived the defendant of a fair trial, rendering the outcome of the trial unreliable. *Id.* at 687-88.

With regard to plea proceedings, Batts must show that but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3rd Cir.1995). Under *Strickland*, review should be deferential and maintain a strong presumption in favor of finding counsel's conduct within the wide permissible range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

As an initial matter, the Court observes that Batts has failed to meet the prejudice prong as to his claim because he never alleges that "but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59. Rather, Batts asks the Court to resentence him to the "mandatory minimum under his drug conviction" for ten years (Criminal Doc. 559).

In his timely filed § 2255 motion, Batts raises one claim of ineffective assistance of counsel. Batts challenges his § 924(c) sentence, implicitly resting his objection on the "except" clause prefacing § 924(c)(1)(A), which provides for imposition of a minimum five-year term of imprisonment as a consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law[.]" Batts' contends counsel was ineffective for failing to argue that because the Court sentenced him to the greater mandatory minimum sentence on his drug charge, the mandatory minimum consecutive five year sentence on the § 924(c) charge was not applicable, and he should have received a ten (10) year rather than a fifteen (15) year sentence.

### B.     Consecutive Sentences

Batts alleges defense counsel was ineffective for failing to challenge the imposition of the five-year mandatory minimum consecutive sentence on his Title 18 U.S.C. § 924(c) conviction (Count Thirty-One) on the ground he was already subjected to a ten year mandatory minimum sentence on Count One under Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) for conspiring to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"). Batts implicitly argues the language in 18 U.S.C. § 924(c)(1)(A), which provides that "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who" uses or carries a firearm in furtherance of a

14

drug trafficking offense "shall," in addition to the punishment for the drug trafficking crime "be sentenced to a term of imprisonment of not less than 5 years[,]" creates an exception to the imposition of consecutive sentences mandated by 18 U.S.C. § 924(c)(1)(A)(ii). According to Batts, this section excludes the mandatory minimum consecutive five (5) year sentence in his case because he was sentenced to the greater ten year mandatory minimum sentence on his underlying drug conviction.

A couple of months after Batts was sentenced, the Sixth Circuit Court of Appeals held that the five year mandatory minimum for violating § 924(c) was not a mandatory consecutive sentence if the underlying crime required a higher statutory mandatory minimum sentence. *United States v. Almany,* 598 F.3d at 241-42 (2010). Presumably, Batts is relying upon the *Almany* decision to support his claim. This argument is unavailing as the Supreme Court vacated the Sixth Circuit's decision soon thereafter, *see United States v. Almany*, 131 S.Ct. 637 (2010), based on its decision in *Abbott v. United States*, 131 S.Ct. 18 (2010). The *Abbott* Court held "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* at 23. The Court explained that a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Id.*

In light of the existing legal authority, counsel had no viable basis to advance such an argument. Therefore, Batts' argument that his sentence pursuant to § 924(c) falls under the § 924(c)(1)(A) exception is rejected. Accordingly, because Batts'

15

consecutive sentence under §924(c) is not in violation of § 924(c)(1)(A), counsel was not ineffective for failing to make such an argument, and § 2255 relief is **DENIED**.

## VI. CONCLUSION

Batts has not demonstrated counsel rendered ineffective assistance. For the reasons stated above, Batts' sentence was not imposed in violation of the Constitution or laws of the United States nor is it otherwise subject to collateral attack, and therefore, the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Criminal Doc. 559). In addition, and for the reasons explained herein, Batts' motions to amend will be **DENIED** as untimely (Criminal Docs. 611, 682).[4]

In addition to the above, the Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Batts for leave to proceed *in forma pauperis* on appeal will be **DENIED**. Fed. R. App. P. 24. Batts has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253; Fed. R. App. P. 22(b), or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484–85, (2000).

An appropriate judgment order shall enter.

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE

---

[4] Batts' motion to reduce his sentence remains pending in the underlying criminal case (Criminal Doc. 636).